# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
                            )
                            )
       v.                  )    Case ID No: 1710013286
                            )
                            )
TROY HAMMOND,      )
                            )
     Defendant.      )

## ORDER

**AND NOW TO WIT**, this 25th day of October, 2019, upon consideration of Defendant Troy Hammond's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.    On April 27, 2018, a jury convicted Defendant of Drug Dealing Heroin/Fentanyl. On May 25, 2018, at sentencing, the State moved to have Defendant declared a Habitual Offender, and this Court granted the application after defense counsel conceded no good faith basis to oppose. Defendant also had two qualifying drug dealing convictions such that the Drug Dealing conviction in this matter was elevated to a Class B Felony.[1] This Court sentenced Defendant as a

---

[1] In case 0804009645, Defendant was sentenced for Drug Dealing to eight years Level V, suspended after 6 months at home confinement with further transitioning levels of probation. He violated this probation five times. In case 1506001605, Defendant pled guilty to Drug Dealing

Habitual Offender to two years at Level V under Title 11 Del. Code § 4214(a).

2.     On the same day, Defendant was also sentenced for violating the conditions of prior probations. Despite a history of non-compliance where he had violated his previous probation five times—and faced a considerable amount of back time—this Court imposed a sentence of three months at Level V.

3.     Defendant now seeks to reduce his Level V sentence under "House Bill #5" and asks that this Court run his three-month VOP Level V sentence concurrent with his two-year Drug Dealing Habitual Offender sentence. In support of his Motion, he cites to the provisions of Title 11 Del. Code § 3901(d) yet states no reasons to support the applicability of the statute to his sentence.

4.     The new provisions of § 3901(d) became effective well after Defendant was convicted and sentenced in 2018. Although a sentencing judge may have additional discretion under this statute, even if it had been applicable to this Defendant, this Court exercised said discretion and expressly stated that his Level V sentences were to run consecutively. For the foregoing reasons, Defendant's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED.**

---

with an Aggravating Factor, and Assault Second Degree (physical injury to a law enforcement officer). For the Assault, he received eight years Level V, suspended after one year for eighteen months at Level III. For the Drug Dealing, he received five years at Level V, suspended after one year, for eighteen months at Level III, with concurrent probationary terms.

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
       Department of Justice
       Office of Defense Services
       Investigative Services Office